IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE J. RANKIN, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-1191-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) on December 20, 2010.[1] In this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g), Judge Purcell recommends that the Commissioner's denial of Plaintiff's application for disability benefits be affirmed. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of issues specifically raised by the objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Commissioner's determination that Plaintiff was not disabled under the Social Security Act is set forth in a written decision issued by an administrative law judge (ALJ) after an evidentiary hearing. The ALJ found Plaintiff had a severe impairment of lumbar degenerative disc disease that did not meet or equal a listed impairment but that limited Plaintiff's residual functional capacity (RFC) to sedentary work. Specifically, the ALJ found Plaintiff could perform a wide range of

---

[1] The Court declined to adopt a previous Report and Recommendation and re-referred the matter to Judge Purcell for additional analysis. Judge Purcell elected to issue an amended report, which includes both his original and supplemental findings. Accordingly, the initial Report and Recommendation [Doc. No. 22] has been replaced by the supplemental one, and need not be separately considered.

sedentary work, except Plaintiff could only occasionally bend forward at the waist, bend at the knees to come to rest on his knees, and bend downward by bending his legs and spine. The ALJ further found Plaintiff was unable to perform any past relevant work but had acquired work skills that were transferable to other occupations with jobs existing in significant numbers in the national economy.

In this appeal, Plaintiff raises three claims of error: 1) the ALJ failed to follow the treating physician rule with regard to the RFC opinion of Dr. Gary Dickinson, M.D., who provided pain management treatment; 2) the ALJ failed to properly assess Plaintiff's RFC and made findings not supported by substantial evidence; and 3) the ALJ failed to properly evaluate Plaintiff's credibility regarding his subjective complaints of disabling pain. Judge Purcell carefully considers each issue in his Supplemental Report and Recommendation, and finds no merit in Plaintiff's claims of reversible error.

### 1. Treating Physician Rule

Plaintiff claims the ALJ failed to evaluate the opinion of Dr. Dickinson in the manner required by applicable regulations and that the ALJ's decision to discount Dr. Dickinson's RFC opinion is not supported by substantial evidence. Upon *de novo* consideration, the Court finds that Judge Purcell has correctly analyzed this claim. The ALJ expressly stated that he gave Dr. Dickinson's opinion very little weight, and he explained why: Dr. Dickinson was not a specialist in a relevant practice area; Dr. Dickinson's assessment was not consistent with other evidence; it was internally inconsistent; and it assigned functional limitations that were not supported by any medical evidence. For the reasons explained by Judge Purcell, the Court finds the ALJ's stated reasons are sufficient and supported by the record. Accordingly, the Court finds no basis to disturb the ALJ's decision based on a misapplication of the treating physician rule.

## 2. RFC Findings

Plaintiff claims the ALJ erred by failing to accept Plaintiff's testimony and Dr. Dickinson's RFC findings and, instead, reaching his own conclusions unsupported by medical evidence. Setting aside the ALJ's credibility assessment (discussed below), and his discounting of Dr. Dickinson's RFC opinion (discussed above), Plaintiff's argument amounts to a contention that "the ALJ's RFC finding is based solely on his speculation" rather than evidence of record. *See* Pl.'s Objection [Doc. No. 26] at 2.

Upon *de novo* consideration, the Court concurs in Judge Purcell's analysis of this claim. The ALJ thoroughly discussed the medical evidence of record and Plaintiff's testimony. He partially credited Plaintiff's allegations of disabling pain, resulting in RFC findings that limited Plaintiff to sedentary work with additional restrictions. However, the ALJ did not adopt restrictions about which Plaintiff testified or Dr. Dickinson opined, that the ALJ found to be unsupported or inconsistent with the medical record. After careful review, the Court finds the ALJ's conclusion that Plaintiff could perform sedentary work is supported by substantial evidence and unaffected by legal error.

## 3. Credibility Assessment

Plaintiff claims the ALJ did not sufficiently explain his finding that Plaintiff's testimony regarding debilitating back pain was not fully credible. The Court is not persuaded. Plaintiff quotes only one sentence of the ALJ's decision and denounces it as "boiler plate language." *See* Pl.'s Objection [Doc. No. 26] at 5. However, the ALJ pointed out many facts that undermined Plaintiff's testimony, including Plaintiff's failure to follow medical advice for alleviating pain, his limited

pursuit of treatment options, and the medical record. Clearly, the ALJ accepted some but not all of Plaintiff's testimony. The Court finds the ALJ adequately stated his reasons for doing so.

For these reasons, the Court agrees with Judge Purcell's findings and fully concurs in his recommendation that the Commissioner's decision should be affirmed.

IT IS THEREFORE ORDERED that the Court adopts the Supplemental Report and Recommendation [Doc. No. 25]. The Commissioner's decision is affirmed. Judgment will be entered accordingly.

IT IS SO ORDERED this 24th day of February, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE